EDITH B. SPAULDING *vs.* INHABITANTS OF BEVERLY.

Essex.    November 10, 1896. — November 12, 1896.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Defect in Highway — Evidence for Jury — Negligence.*

If, at the trial of an action for injuries alleged to have been caused by a defect in a sidewalk, there is evidence that the defect was caused by the presence of snow and ice, and might have been remedied by reasonable care and diligence on the part of the defendant town, and that the town might have had knowledge of it by the exercise of proper care and diligence, and it is not contended that the plaintiff was not in the exercise of due care, the case is rightly submitted to the jury.

TORT, for personal injuries occasioned to the plaintiff by reason of an alleged defect in a highway which the defendant town was bound to keep in repair. Writ dated January 12, 1894.

At the trial in the Superior Court, before *Sheldon,* J., the plaintiff testified that she received the injuries at about five o'clock in the afternoon of December 12, 1893, by tripping on the sidewalk on Cabot Street over frozen snow which she thought was from four to six inches high. Several witnesses called by the plaintiff testified that the day after the accident they examined the sidewalk and found ice there "of a hubbly condition"; that "there was quite a hubble there, looked like frozen snow about two or three feet square and was about five inches high"; and "that there was some new snow, and underneath the ice was rough and hubbly."

Two police officers, one a day and the other a night officer, whose beat was on Cabot Street by the place where the accident occurred, testified that they found about an inch of snow trodden down, but no ice, and their testimony was corroborated by that of several witnesses.

It was not contended that there was no evidence of the due care of the plaintiff.

At the close of the testimony, the defendant asked the judge to rule that the action could not be maintained, and to order a verdict for the defendant. The judge refused so to rule.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*D. W. Quill,* for the defendant.

*L. H. Wardwell & S. A. Fuller,* for the plaintiff.

BY THE COURT. There was evidence for the jury of a defect in the sidewalk caused by the presence of snow and ice, which defect might have been remedied by reasonable care and diligence on the part of the town, and of which the town might have had knowledge by the exercise of proper care and diligence.

It is not contended that there was not evidence of the due care of the plaintiff.                    *Exceptions overruled.*